### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANE RUSSELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-1326-M |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On May 16, 2006, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this action in which plaintiff seeks judicial review of the final decision of defendant Commissioner of Social Security Administration ("Commissioner") denying plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 1382. The Magistrate Judge recommended that the Commissioner's decision be affirmed. The parties were advised of their right to object to the Report and Recommendation by June 5, 2006. On June 1, 2006, plaintiff filed her objection.

In her objection, plaintiff asserts that the Magistrate Judge failed to give adequate consideration to her argument regarding the Administrative Law Judge's ("ALJ") credibility analysis and that the Magistrate Judge erroneously found that the ALJ adequately explained his credibility findings. "It is well-established that an ALJ's findings with respect to a claimant's credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hardman v. Barnhart*, 362 F.3d 676, 678-79 (10th Cir. 2004) (internal quotations and citation omitted). However, the credibility determination "does not require a formalistic factor-by-factor recitation of the evidence." *White v. Barnhart*, 287 F.3d 903, 909 (10th

Cir. 2002) (internal quotations omitted). An ALJ need only set forth "the specific evidence he relies on in evaluating the claimant's credibility". *Id.*

Having carefully reviewed the ALJ's decision, the Court finds that the ALJ's credibility determination is deficient. Specifically, the Court finds that the ALJ's credibility determination is not closely and affirmatively linked to substantial evidence. In fact, upon review of the ALJ's decision, the Court finds that the ALJ does not specifically link any evidence to his credibility determination but only includes a paragraph of boilerplate language that the Tenth Circuit has held is not sufficient to support a credibility determination.

Accordingly, upon de novo review, and for the reasons set forth above, the Court:

(1) DECLINES TO ADOPT the Report and Recommendation issued by the Magistrate Judge on May 16, 2006;

(2) REVERSES the decision of the Commissioner;

(3) REMANDS for further administrative proceedings consistent with this Order; and

(4) ORDERS that judgment issue forthwith in accordance with the provisions of sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED this 16th day of June, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE